UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

JOSE FERMIN MOTA, JR,        )
                                   )
           Plaintiff        )
                                   )
        v.              )      2:25-cv-00179-SDN
                                   )
ANDROSCOGGIN COUNTY JAIL,   )
et al.,                         )
                                   )
          Defendants   )

**RECOMMENDED DECISION AFTER REVIEW
OF PLAINTIFF'S COMPLAINT**

Plaintiff, who is currently an inmate at the Androscoggin County Jail, filed a complaint against the Androscoggin County Jail and Sergeant Gendron, who works at the jail, based on an incident that occurred when he was an inmate at the jail in 2021. (Complaint, ECF No. 1.)

In addition to his complaint, Plaintiff filed an application to proceed without prepayment of fees (ECF No. 4), which application the Court granted. (Order, ECF No. 6.) In accordance with the statute that governs actions where a plaintiff proceeds without prepayment of fees, a preliminary review of Plaintiff's complaint is appropriate. 28 U.S.C. § 1915(e)(2). Additionally, Plaintiff's complaint is subject to screening "before docketing, if feasible or … as soon as practicable after docketing," because he is "a prisoner seek[ing] redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a).

After a review of Plaintiff's complaint, I recommend the Court dismiss all claims except for Plaintiff's Eighth Amendment claim against Defendant Gendron.

## FACTUAL BACKGROUND

Plaintiff alleges that while he was an inmate at the Androscoggin County Jail in November 2021, after he refused to eat because of poor treatment in the jail, Defendant Gendron, a sergeant at the jail, forced Plaintiff to eat. (Complaint at 3.) Plaintiff further alleges that while Plaintiff was inside a room and "not a threat" to himself or others, Defendant Gendron placed a fire extinguisher hose under the door and sprayed the fire suppressant into the room, while other corrections officers watched. (Attachment to Complaint, ECF No. 1-1.) Plaintiff asserts that he suffered emotionally and physically as the result of the incident.

## LEGAL STANDARD

28 U.S.C. § 1915 is designed to ensure meaningful access to the federal courts for individuals unable to pay the cost of bringing an action. When a party is proceeding without prepayment of fees, however, "the court shall dismiss the case at any time if the court determines," inter alia, that the action is "frivolous or malicious" or "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B). "Dismissals [under § 1915] are often made sua sponte prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). The § 1915A screening requires courts to "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the

complaint (1) is frivolous, malicious, or fails to state a claim …; or (2) seeks monetary relief from a defendant who is immune from such relief."  28 U.S.C. § 1915A(b).

"A self-represented plaintiff is not exempt from this framework, but the court must construe his complaint 'liberally' and hold it 'to less stringent standards than formal pleadings drafted by lawyers.'"  *Waterman v. White Interior Sols.*, No. 2:19-cv-00032-JDL, 2019 WL 5764661, at *2 (D. Me. Nov. 5, 2019) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).  "This is not to say that pro se plaintiffs are not required to plead basic facts sufficient to state a claim."  *Ferranti v. Moran*, 618 F.2d 888, 890 (1st Cir. 1980).

### DISCUSSION

Plaintiff's claim against the Androscoggin County Jail is a claim against Androscoggin County.  *See Henschel v. Worcester Police Dept.*, 445 F.2d 624, 624 (1st Cir. 1971) (dismissing claim under 42 U.S.C. § 1983 against police department because it was not suable entity apart from the municipality).  Municipal or governmental entities, like Androscoggin County, cannot be vicariously liable for a constitutional deprivation simply because the deprivation was caused by an employee.  *Welch v. Ciampa,* 542 F.3d 927, 941 (1st Cir. 2008) (citing *Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 691 (1978)). For a municipality to be liable for a constitutional deprivation, the plaintiff must "identify a municipal 'policy' or 'custom' that caused the plaintiff's injury."  *Bd. of Cty. Comm'rs v. Brown,* 520 U.S. 397, 403 (1997).  Plaintiff has not alleged the existence of a policy or custom that would serve as a basis for the liability of Androscoggin County.  Plaintiff, therefore, has not alleged an actionable claim against Androscoggin County.

Plaintiff's allegations against Defendant Gendron may be construed as an Eighth Amendment excessive force claim under 42 U.S.C. § 1983.[1]  The Eighth Amendment to the United States Constitution prohibits excessive bail, excessive fines, and the infliction of cruel and unusual punishment.  U.S. Const. amend. VIII.[2]  "A punishment is cruel and unusual if it involves the unnecessary and wanton infliction of pain."  *Elliott v. Norwood*, Nos. 1:18-cv-00449-JAW, 1:18-cv-00450-JAW, 2019 WL 521592, at *2 (D. Me. Feb. 11, 2019) (citing *Gregg v. Georgia*, 428 U.S. 153, 173 (1976)).  A claim of excessive force in violation of the Eighth Amendment "has two components—one subjective, focusing on the defendant's motive for his conduct, and the other objective, focusing on the conduct's effect."  *Staples v. Gerry*, 923 F.3d 7, 13 (1st Cir. 2019) (quoting *Wright v. Goord*, 554 F.3d 255, 268 (2d Cir. 2009)).

The use of a chemical spray on prisoners is not "per se unconstitutional."  *Gerry*, 923 F.3d at 17 (quoting *Williams v. Benjamin*, 77 F.3d 756, 763 (4th Cir. 1996)).  A court must "examine the totality of the circumstances, including the provocation, the amount of spray used, and the purposes for which the spray is used to determine the validity of the use of spray in the prison environment." *Id.* (cleaned up).

---

[1] Section 1983 "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'"  *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)); 42 U.S.C. § 1983.  To maintain a claim under section 1983, a plaintiff must establish: "1) that the conduct complained of has been committed under color of state law, and 2) that this conduct worked a denial of rights secured by the Constitution or laws of the United States."  *Barreto–Rivera v. Medina–Vargas*, 168 F.3d 42, 45 (1st Cir. 1999).

[2] Whether Plaintiff was serving a sentence or was a pre-trial detainee at the time of the alleged incident is not apparent from a review of the complaint.  If Plaintiff was a pre-trial detainee, the Due Process Clause of the Fourteenth Amendment imposes similar obligations while prisoners are in pre-trial custody.  *See City of Revere v. Massachusetts Gen. Hosp.*, 463 U.S. 239, 243 (1983).

Here, Plaintiff alleges that he was alone in a room and was not a threat to himself or others when Defendant Gendron used the spray.  Although Plaintiff does not directly allege that Defendant Gendron used the spray because Plaintiff refused to eat, when construed most favorably to Plaintiff, Plaintiff's allegations allow for such an inference.  The "totality of the circumstances" alleged is sufficient at this stage of the proceedings to permit Plaintiff to proceed on his Eighth Amendment claim against Defendant Gendron.[3]

Plaintiff appears to seek to attempt to assert other claims, including discrimination and denial of medical care.  (*See* Complaint at 3.)  Plaintiff's conclusory and unsupported allegations are insufficient to allege any other actionable claims.  *See Ashcroft v. Iqbal,* 556 U.S. 662, 676–77 (2009); *Byrne v. Maryland*, No. 1:20-cv-00036-GZS, 2020 WL 1317731, at *5 (D. Me. Mar. 20, 2020) (rec. dec.), *aff'd*, 2020 WL 2202441 (D. Me. May 6, 2020) (stating a plaintiff must include "the crucial detail[s] of who, what, when, where, and how" in pleading).

### CONCLUSION

Based on the foregoing analysis, after a review of Plaintiff's complaint pursuant to 28 U.S.C. §§ 1915 and 1915A, I recommend the Court dismiss all claims except for Plaintiff's Eighth Amendment claim against Defendant Gendron.

---

[3] To the extent Plaintiff seeks to assert a claim against other prison officials by alleging they witnessed Defendant Gendron's actions, (*see* Complaint 2–3; Attachment to Complaint), Plaintiff has failed to allege an actionable claim.  "Absent evidence of participation, concerted action, or at least culpable knowledge, one officer cannot be held jointly liable under section 1983 for another officer's use of excessive force." *Calvi v. Knox Cty.*, 470 F.3d 422, 429 (1st Cir. 2006).

## **NOTICE**

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 17th day of June, 2025.

6